IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN DORFMAN and JOHN A. SAND,<br><br>    Defendants. | Case No. 22-CR-30024-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On February 12, 2024, a jury convicted Defendants Steven Dorfman ("Dorfman") and John A. Sand ("Sand") of conspiracy to commit wire fraud in violation of 18 U.S.C. §1349 (Count I), wire fraud in violation of 18 U.S.C. §1343 (Counts II, III, IV, V, VI, VII, X, and XIII), and mail fraud in violation of 18 U.S.C. §1341 (Counts VIII, IX, XI, and XII). Their co-defendant in the Indictment, Candida L. Girouard, previously pleaded guilty and testified for the Government during trial. In their Motions for Judgment of Acquittal or New Trail under Federal Rules of Criminal Procedure 29 and 33, they raised the argument that the Government presented insufficient evidence to sustain a conviction on different counts in the Indictment. (Docs. 156, 157). Dorfman argued insufficient evidence for conspiracy to commit wire fraud. (Doc. 156). Sand argued insufficient evident on all counts. (Doc. 157). They also contend that Exhibit 10 was never admitted into evidence even though it was reviewed by the jury during deliberations, constituting *per se* prejudice

which would result in a mistrial. (Docs. 156, 157). They additionally asserted that the copy of the indictment that the Court provided to the jury during deliberations mislead and confused them. (*Id.*). Dorfman also separately claimed that photographs from his wedding that were admitted into evidence were highly prejudicial with no probative value as to whether he had committed alleged crimes. (Doc. 156). The Government responded (Docs. 164, 166). The Court will address some of these arguments below. Any argument not addressed by the Court below is denied outright because the Court does not find it meritorious.

LEGAL STANDARD

### I.   *Judgment of Acquittal*

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under FED. R. CRIM. P. 29(c). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (citation omitted); see also *United States v. Colonia*, 870 F.2d 1319, 1326 (7th Cir. 1989) (Evidence is sufficient if "any rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt, viewing the evidence and every reasonable inference in the light most favoring the prosecution."). The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle . . . [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no

evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005) (internal quotations omitted).

While this is a high hurdle for defendants to clear, the "height of the hurdle depends directly on the strength of the government's evidence," and a properly instructed jury may occasionally convict even when no rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Snyder,* 71 F.4th 555, 571 (7th Cir. 2023) (citations omitted). A motion for judgment of acquittal calls on the court to distinguish between reasonable and speculative inferences, and the line between the two "is by no means a sharp one." *United States v. Jones,* 713 F.3d 336, 346–347 (7th Cir. 2013). An ambiguous statement paired with only little support, for example, is speculation. *See Jones,* 713 F.3d at 350 (citing *Piaskowski v. Bett,* 256 F.3d 687 (7th Cir. 2001)). Evidentiary gaps cannot reasonably be filled with mere "gut feelings and suspicions." *U.S. v. Garcia*, 919 F.3d 489, 499 (7th Cir. 2019). Likewise, a jury cannot find guilt by mere association. *See U.S. v. Jones*, 713 F.3d 336, 352 (7th Cir. 2013). However, a juror may, indeed must, use its common sense. *See, e.g., United States v. Chester,* 2017 WL 3394746, at *28 (N.D. Ill., Aug. 8, 2017).

II.   *New Trial*

A defendant in a criminal case who has been found guilty by a jury may move for a new trial under FED. R. CRIM. P. 33. A district court may grant a timely request for a new trial "if the interest of justice so requires." *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting Fed. R. Crim. P. 33(a)). The Seventh Circuit has cautioned that Rule 33 motions should be granted only in "the most extreme

cases." *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (internal quotation marks omitted); see also *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (explaining that jury verdicts in criminal cases are "not to be overturned lightly").

The Court should only grant a new trial if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (alteration in original) (citation omitted), or "if there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict." *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman*, 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted). In making this determination, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).

## DISCUSSION

### I. *Judgment of Acquittal*

As the Rule 29 inquiry turns on whether there is evidence of the essential elements of the charged crimes, it is appropriate to begin with the elements of mail fraud, wire fraud, and conspiracy to commit wire fraud. To establish that Dorfman and Sand committed mail and wire fraud, the Government had to prove that "(1) that the defendant knowingly devised or participated in a scheme to defraud; (2) with the intent to defraud; (3) that the scheme involved a materially false or fraudulent pretense, representation, or promise; and (4) that the defendant used or caused the use of the United States Mails or caused interstate wire communications to take place

for the purpose of carrying out the scheme or attempting to do so." *U.S. v. Shah*, 2024 WL 1214734, at *2 (N.D. Ill. Mar. 21, 2024); 18 U.S.C. § 1341, 1343. To obtain a conspiracy conviction, the Government had to prove that Dorfman and Sand "agreed to participate in a scheme to defraud in which it was reasonably foreseeable that an interstate wire facility would be used in furtherance of the scheme." *United States v. Soteras,* 770 F.2d 641, 645 (7th Cir. 1985).

Regarding Count 1, there is a lack of evidence to show that Sand knowingly devised or participated in a scheme to defraud. There must be sufficient evidence that proves beyond a reasonable doubt that Sand knowingly participated in the conspiracy. Speculative inferences and association are not enough. The jury instructions defined conspiracy as an "express or implied agreement between two or more persons to commit a crime." The product Simple Health was selling for HII was not illegal and HII approved the scripts that Sand told the employees to use. There was no evidence that Sand was part of an agreement to allow or encourage sales agents to go off script and make additional false statements and misrepresentations. Adding to the issue, the Government presented conflicting testimony from their own witnesses who stated that the alleged false, misleading, and deceptive statements in the script were, in fact, accurate. What is more, witnesses admitted that Sand corrected salespersons who were caught lying. Importantly, there was no evidence presented by the Government that Sand participated in the internet ads that were false, misleading, and deceptive and witness testimony made clear that Sand was not part of the Save Team designed to keep customers from terminating their policy.

Simply put, there was not sufficient evidence for this jury to have found him guilty beyond a reasonable doubt on Count 1.

The same goes for Counts 2-13. The jury was never presented with any evidence that Sand had anything to do with the sale of the specific policies to the individuals referenced as alleged victims in those separate counts, nor that he knowingly participated in a scheme to defraud with the intent to defraud.

## II.   New Trial

The Court should only grant a new trial "if there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict." *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). Dorfman and Sand stated that Exhibit 10 was never admitted into evidence and was reviewed by the jury during deliberations, constituting a prejudicial effect on the jury's verdict. But there was no trial error here. The Government referenced Exhibits 5, 6, 7, 9, 10, and 12 during the testimony of Investigator Menjivar. (Doc. 159, p. 152). Afterwards, Sand's defense counsel stated that they had "already stipulated to Exhibits 5, 6, and 7" and did not object to their admission in order to move along. (*Id.* at 153). The Government was under the impression that counsel meant all of the exhibits previously referenced that were stipulated to. The Court's minute order that was entered immediately after day four of trial (Doc. 124) clearly indicates that Exhibit 10 was admitted. The Court's official exhibit list (Doc. 141) also clearly indicated that Exhibit 10 was admitted. Additionally, the courtroom deputy, after each day, invited counsel to discuss exhibits so everyone was on the same page. Defense counsel never raised an issue and the Court will not now grant a new trial. Furthermore, even if there was an error, the

argument that the exhibit itself had a prejudicial effect on the jury's verdict is speculative and not reasonable.

## CONCLUSION

Dorfman's Motion for Judgment of Acquittal or In the Alternative, Motion For New Trial (Doc. 156) is **DENIED** and Sand's Motion for Judgment NOV or Alternatively for a New Trial (Doc. 157) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

**DATED:  May 7, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
